**Richard L. SCOTT**

v.

**Teresa LITTLE, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1992.

Decided Dec. 15, 1992.

Dana A. Prescott, Neil D. Jamieson, Potter & Prescott, Saco, for plaintiff.

Anne H. Jordan, Keith R. Jacques, Jensen, Baird, Gardner & Henry, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff Richard L. Scott, representative of the estate of decedent Arthur Brymer, appeals a judgment of the Superior Court (York County, *Brennan, J.*) finding that a transfer of $60,000 by Brymer to defendants, Teresa Little and Family Living, Inc., was a gift rather than a loan. Plaintiff argues that the court erred in admitting evidence of statements made by decedent. Plaintiff also challenges the sufficiency of the evidence. Finding no error, we affirm.

Beginning in February 1986, Brymer boarded at defendants' licensed boarding home for the elderly. Brymer, who did not have any family nearby, became friendly with Teresa Little and her family and attended their holiday and family functions. During this period, the boarding home, Family Living, Inc., was struggling financially. Defendant Little testified that Brymer transferred $60,000 to her in an attempt to insure the boarding home's financial survival; that Brymer refused to accept her promissory note; and that she accepted the money on the condition that Brymer not pay rent.

The Superior Court committed no error in admitting Little's testimony of decedent's statements. *See* Me.R.Evid. 803(3) [1] and *Kirk v. Marquis*, 391 A.2d 335, 336 (Me.1978) (holding that testimony of deceased person's statements was admissible as evidence of state of mind in contract claim). The record, including the statements attributed to the decedent, supports the Superior Court's finding by clear and convincing evidence that the decedent had a donative intent, that he delivered the funds with intent to surrender all present and future dominion, and that defendants accepted the gift. It is significant to note that the court found "no evidence of overreaching or breach of any fiduciary or other special relationship" by defendants.

The entry is:

Judgment affirmed.

All concurring.

---

1. An exception to the hearsay rule is established for:

   A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or belief unless it relates to the execution, revocation, identification, or terms of declarant's will. Me.R.Evid. 803(3).